FILED

2026 Feb-05  AM 09:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| TAYLOR BRADBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| CEDARTOWN FOODS, LLC | ) | JURY DEMANDED |
| d/b/a Bojangles AND | ) | |
| ASHTON SKIPPER, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Taylor Bradberry (hereinafter "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant Cedartown Foods, LLC d/b/a Bojangles (hereinafter "Defendant Cedartown") and Defendant Ashton Skipper (hereinafter "Defendant Skipper") seeking redress for sexual discrimination, sexual harassment, retaliation, and constructive discharge suffered in Plaintiff's capacity as an employee of Defendant Cedartown in violation of Title VII of the Civil Rights Act of 1964, invasion of privacy, battery, negligent supervision, training, and/or retention and any other causes of action that can be inferred from the facts set forth herein. In support of her Complaint, Plaintiff states as follows:

## **PARTIES**

1

1. Plaintiff is a resident of Blount County, Alabama and is over the age of nineteen (19) years.

2. Plaintiff, for all times relevant to this action, was an "employee" of Defendant Cedartown as defined under Title VII of the Civil Rights Act of 1964.

3. Defendant Cedartown is, upon information and belief, a foreign limited liability corporation, that is doing business in the state of Alabama.

4. Upon information and belief, Defendant Skipper is a resident of the state of Alabama and above the age of nineteen (19) years.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this Count I-V of this action pursuant to 28 U.S.C. § 1331, because this arises under Title VII of Civil Rights Act of 1964. This Court has supplemental jurisdiction over the remaining Counts of this Complaint, pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful acts took place within Blount County, Alabama, which lies within the Southern Division of the United States District Court for the Northern District of Alabama.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS

7. Plaintiff has complied with the jurisdictional requirements on to wit: that on or about November 22, 2024, Plaintiff filed a Charge of Discrimination in

2

employment with the Equal Employment Opportunity Commission (hereinafter "EEOC").

8. On September 25, 2025, the EEOC issued Plaintiff a Notification of a Right to Sue, and Plaintiff filed this Complaint within the ninety (90) day deadline. A copy of the notification is attached as "Exhibit A."

## FACTS

9. Plaintiff is a female and a member of a protected class.

10. On or about June 08, 2024, Plaintiff began working for Defendant Cedartown at their Oneonta, AL location as a server.

11. At the time Plaintiff was hired, Defendant Skipper was employed by Defendant Cedartown as the location's General Manager and was Plaintiff's supervisor.

12. Shortly after Plaintiff began her employment, she and other female co-employees started being subjected to sexual harassment by Defendant Skipper.

13. Plaintiff, on or about three separate occasions, reported Defendant Skipper's conduct to another manager Elliott (last name unknown).

14. Despiste Plaintiff's and other co-employee's reports, Defendant did not take any prompt or necessary actions to prevent future harm or discrimination.

3

15. In addition to Plaintiff's reports, Plaintiff has a good faith basis to believe that other co-employees, including her shift leader, Kayla Morrow, reported Defendant Skipper's conduct; however, Defendant Cedartown did not take any action regarding these reports.

16. On or about September 2, 2024, Plaintiff, feeling that she had no other option to cease and end Defendant Skipper's harassing and tortious conduct, ended her employment with Defendant – resulting in a constructive discharge.

## COUNT I:
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.
### (SEX BASED HOSTILE WORK ENVIRONMENT AGAINST DEFENDANT CEDARTOWN)

17. Plaintiff adopts and realleges paragraphs 1 -16 as if fully set forth herein.

18. Plaintiff is a female and a member of a protected class.

19. Shortly after beginning her employment with Defendant Cedartown, Plaintiff was subjected harassment by her supervisor Defendant Skipper.

20. On at least five (5) separate occasions between June 2024 and September 4, 2024, Defendant Skipper would take her tongue and lick Plaintiff's face in a sexual manner.

21. On or around August 7, 2024, Defendant Skipper was walking by Plaintiff and intentionally grabbed Plaintiff's breast without Plaintiff's consent.

22. In or around August 2024, Defendant Skipper intentionally grabbed Plaintiff's butt without out Plaintiff's consent.

23. In or around August 2024, Plaintiff reported Defendant's Skipper's behavior to Defendant Cedartown no less than three (3) times, and Plaintiff has a good faith belief that other co-employees, including Morrow, reported Defendant Skipper's conduct.

24. Despite Plaintiff's, and her co-employees', reports, Defendant Cedartown took no action to remedy Defendant Skipper's conduct or to prevent future harmful or discriminatory acts.

25. On or about September 4, 2024, due to the sexual harassment and hostile work environment created by Defendant Skipper and allowed by Defendant Cedartown, Plaintiff ended her employment with Defendant Cedartown because she believed that she had no other option to cease being subjected to Defendant Skipper's harassment and conduct.

26. Because of Defendant Skipper's harassment and conduct, Plaintiff's essential job functions and the terms of her employment were altered and subjected Plaintiff to a physically threatening environment.

27. Defendant Cedartown, through its affirmation of Defendant Skipper's conduct, created a hostile work environment based on Plaintiff's sex that was severe and pervasive enough to alter the terms of Plaintiff's employment.

28. The above-described conduct occurred routinely until the end of Plaintiff's employment.

29. Defendant Cedartown discriminatory actions against Plaintiff are in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

30. Plaintiff has suffered and continues to loss of wages, loss of career opportunities, severe emotional distress, loss of self-esteem, and other damages as a direct result of Defendant Cedartown unlawful discrimination.

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring Defendant Cedartown's past practice herein complained to be unlawful;

B. Order Defendant Cedartown to institute and carry out policies, practices and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C. Order Defendant Cedartown to make Plaintiff whole by providing other affirmative relief necessary to eradicate the effects of Defendant Cedartown's unlawful employment practices.

D. Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not

limited to, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial.

E.    Award punitive damages to be determined by a jury at trial; and,

F.    Grant such further relief as the Court deems necessary and proper.

## COUNT II:
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.
#### (RETALIATION AGAINST DEFENDANT CEDARTOWN)

31.   Plaintiff adopts and realleges paragraphs 1 - 16 as if fully set forth herein.

32.   On at least three (3) separate occasion in August 2024, Plaintiff engaged in a protected activity by reporting the sexual harassment and conduct she and other co-employees were being subjected to by Defendant Skipper.

33.   Plaintiff has a good faith basis to believe that Defendant Skipper gained knowledge of these reports.

34.   After each of Plaintiff's reports, Defendant Skipper continued to harass Plaintiff and worsened her conduct in retaliation for Plaintiff's report.

35.   On or about August 7, 2024, after reporting Defendant Skipper, Plaintiff was subjected to insults from Defendant Skipper calling her "fucking retarded", "fucking stupid", and stating that Plaintiff's "stupidity may rub off" on Defendant Skipper.

36.   In another instance in August 2024, Plaintiff was sitting on the curb outside in parking lot of Defendant's Cedartown's location. While Plaintiff was sitting

on the curb, Defendant Skipper began running and tackled Plaintiff in the parking lot.

37. In addition to these actions, Defendant Skipper's sexual harassment would continue, to include licking Plaintiff's face no less than five (5) times, grabbing Plaintiff's breast, and grabbing Plaintiff's butt.

38. Ultimately, due to the severity of Defendant Skipper's conduct and Defendant Cedartown's disregard of Plaintiff's complaints, Plaintiff ended her employment with Defendant Cedartown on or about September 4, 2024 to escape Defendant Skipper's harassment and retaliation.

39. As a result of Defendant Skipper's retaliatory conduct and Defendant's affirmation of said conduct, Plaintiff suffered damages including, but not limited to, loss of pay, loss of career opportunities, severe emotional distress, mental anguish, loss of self-esteem, and other damages.

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring Defendant Cedartown's past practice herein complained to be unlawful;

B. Order Defendant Cedartown to institute and carry out policies, practices and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

8

C.    Order Defendant Cedartown to make Plaintiff whole by providing other affirmative relief necessary to eradicate the effects of Defendant Cedartown's unlawful employment practices.

D.    Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial.

E.    Award punitive damages to be determined by a jury at trial; and,

F.    Grant such further relief as the Court deems necessary and proper.

## COUNT III:
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.
### (CONSTRUCTIVE DISCHARGE AGAINST DEFENDANT CEDARTOWN)

40.    Plaintiff adopts and realleges paragraphs 1 - 16 as if fully set forth herein.

41.    In or around August 2024, Plaintiff was subjected to sexual harassment, battery, and retaliation by Defendant Skipper on multiple occasions.

42.    Specifically, Plaintiff was subjected to being verbally abused by being called "retarded" on numerous occasions, tackled, grabbed by both her breast and butt, and physically tackled by Defendant Skipper.

43.    Plaintiff made Defendant Cedartown aware of this work environment by reporting Defendant Skipper no less than three (3) times personally, and

9

Plaintiff has a good faith basis that Defendant Cedartown was made aware by other co-employees reporting Defendant "Skipper's" conduct.

44.    Despite these reports, Defendant Cedartown took no action to remedy Defendant Skipper's conduct or prevent future harm.

45.    On or about September 4, 2024, Plaintiff, in fear for her physical safety and feeling as if it would be the only way to halt Defendant's Skipper's harassing and unlawful conduct, ended her employment with Defendant Cedartown – resulting in a constructive termination.

46.    Defendant Cedartown either knew or should have known that the environment being created by Defendant Skipper's conduct was creating an environment that no reasonable person would be able to continue working in, and by not taking prompt and necessary actions to remedy the unlawful conduct and prevent future harm, affirmed the unlawful conduct that ultimately led to Plaintiff ending her employment with Defendant Cedartown.

47.    As a result of Defendant Cedartown's unlawful acts, Plaintiff suffered and continues to suffer lost wages, severe emotion distress, loss of self-esteem, and other damages as a result of Defendant Cedartown's constructive discharge.

48.    Defendant Cedartown's actions against Plaintiff are in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were

intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A.  Enter a declaratory judgment, declaring Defendant Cedartown's past practice herein complained to be unlawful;

B.  Order Defendant Cedartown to institute and carry out policies, practices and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C.  Order Defendant Cedartown to make Plaintiff whole by providing other affirmative relief necessary to eradicate the effects of Defendant Cedartown's unlawful employment practices.

D.  Order Defendant Cedartown to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial.

E.  Award punitive damages to be determined by a jury at trial; and,

F.  Grant such further relief as the Court deems necessary and proper.

## COUNT IV:
## CIVIL BATTERY
### (AGAINST DEFENDANT SKIPPER)

49.    Plaintiff adopts and re-alleges paragraphs 1 - 16 as if fully set forth herein.

50.    This claim arises out to the laws of the State of Alabama to redress Defendant Skipper's civil battery toward Plaintiff.

51.    In or around August 2024, Defendant Skipper intentionally grabbed Plaintiff by the breast while walking beside her.

52.    Defendant Skipper's act of grabbing Plaintiff's breast was harmful, offensive, and done without Plaintiff's consent.

53.    In or around August 2024, Defendant Skipper intentionally grabbed Plaintiff's butt.

54.    Defendant Skipper's act of grabbing Plaintiff's butt was harmful, offensive, and done without Plaintiff's consent.

55.    In or around August 2024, Defendant Skipper intentionally ran toward Plaintiff, who was sitting on a curb in the parking lot of Defendant Cedartown's store, and tackled Plaintiff to the ground.

56.    Defendant Skipper's tackling of Plaintiff was harmful, offensive, and done without Plaintiff's consent.

57.    As a result of Defendant Skipper's unlawful, offensive, harmful, and unconsented touches, Plaintiff suffered and continued to suffer extreme

emotional distress, mental anguish, loss of self-confidence, and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant Skipper for such damages as a jury may determine to be appropriate, punitive damages, attorneys' fees and cost of this action.

## COUNT V:
## NEGLIGENT/WANTON FAILURE TO TRAIN, SUPERVISE, AND/OR RETENTION
### (AGAINST DEFENDANT CEDARTOWN)

58. Plaintiff adopts and re-alleges paragraphs 1 - 16 as if fully set forth herein.

59. This claim arises out of the state laws of Alabama and seeks redress for Defendant Cedartown's negligent and/or wanton failure to train, supervise and/or retain Defendant Skipper.

60. Defendant Cedartown had a duty to provide Plaintiff with a reasonably safe work environment and to follow the law.

61. Shortly after Plaintiff started working for Defendant Cedartown, Plaintiff began being subjected to sexual harassment and civil battery by Defendant Skipper.

62. Such acts included, but not limited to, Defendant Skipper grabbing Plaintiff's breast, grabbing Plaintiff's butt, licking Plaintiff's face no less than five (5) times, and tackling Plaintiff in Defendant Cedartown's parking lot.

13

63. Plaintiff, and other co-employees, reported Defendant Skipper's conduct to Defendant Cedartown on multiple occasions with at least three (3) reports coming directly from Plaintiff.

64. Despite Plaintiff's reports, Defendant failed and/or refused to take prompt and necessary action to remedy Defendant Skipper's conduct and prevent future harm.

65. Defendant Cedartown, due it its failure and/or refusal, to take prompt and necessary action regarding the conduct, ratified Defendant Skipper's conduct.

66. Had Defendant Cedartown better monitored, better supervised, and/or terminated Defendant Skipper's employment after Plaintiff and/or her co-employees first report of misconduct, Defendant Skipper would not have been able to conduct repeated acts of misconduct – resulting in a failure to supervise.

67. Defendant Cedartown had or should have had knowledge of Defendant Skipper's tortious conduct and failed and/or refused to take prompt and necessary actions to stop the tortious conduct.

68. Had Defendant Cedartown had proper equal opportunity or sexual harassment training in place, the above-described actions would not have occurred – resulting in a failure to train.

69. Had Defendant Cedartown terminated Defendant Skipper's employment after Plaintiff and/or her co-employees report about Defendant Skipper's conduct, the above-described actions would not have occurred – resulting in a negligent and/or wanton retention.

70. Defendant Cedartown actions and/or inactions were done intentionally or with a reckless disregard for the rights of Plaintiff, and it knew or should have known that its actions and/or inaction would cause harm to Plaintiff.

71. Defendant Cedartown's actions and/or inaction were the direct or proximate cause of Plaintiff's injuries and damages.

72. As a result of the above-described conduct, Plaintiff suffered and continues to suffer severe emotional distress, mental anguish, anxiety, loss of self-esteem and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant Cedartown for such damages as a jury may determine to be appropriate, punitive damages, attorneys' fees and cost of this action.

## **JURY DEMAND**

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES OF THE COMPLAINT.

/s/ Jon-Kaden Mullen
D. Jeremy Schatz
Jon-Kaden Mullen
*Attorneys for Plaintiff*

**OF COUNSEL:**
Virtus Law Group
2017 Morris Avenue, Ste 100
Birmingham, AL 35203
js@vlgal.com
jm@vlgal.com

### Please Serve Defendants By Certified Mail As Follows:

Cedartown Foods, LLC
901 North Broad Street, Suite 175,
Rome, GA 301161

Ashton Skipper
310 County Road 1697
Holly Pond, AL 35083

16